**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

STEPHANIE BROOKS,
On Behalf of S.B. (Minor Child),

                Plaintiff,

vs.                                       Case No.  8:13-cv-2621-T-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,
_____/

## OPINION AND ORDER[1]

### I.  Status

      Stephanie Brooks, on behalf of her minor child, S.B., is appealing the Commissioner of the Social Security Administration's final decision denying a claim for child's supplemental security income ("SSI") under the Social Security Act.  For purposes of this Opinion and Order, the designation "Claimant" refers to the minor child, S.B., who was a very young infant when the claim was filed, and the designation "Plaintiff" refers to the mother, Stephanie Brooks.  Claimant's alleged disability is a result of "severe GERD, sleep apnea, possible asthma/allergies and ALTE - Altering Life Threatening Events."  Transcript of Administrative Proceedings (Doc. No. 16; "Tr." or "administrative transcript"), filed January 29, 2014, at 171. On September 28, 2010, Plaintiff filed an application for SSI on behalf of Claimant, who was born on June 22, 2010 and alleged to have been disabled as of July 1, 2010.  Tr. at 143-48.

---

[1]      The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 29), filed October 15, 2014; Reference Order (Doc. No. 30), signed October 15, 2014 and entered October 20, 2014.

The application was denied initially on November 18, 2010, <u>see</u> Tr. at 82, 84-86, and was denied upon reconsideration on January 24, 2011, <u>see</u> Tr. at 83, 90-92.  An Administrative Law Judge ("ALJ") then held a hearing on May 11, 2012, during which he heard testimony from Plaintiff, who was represented by counsel.  Tr. at 34-55; <u>see</u> Tr. at 97 (Appointment of Representative form).  On June 8, 2012, the ALJ issued a Decision finding Claimant not disabled from September 9, 2010 (the protective filing date) through the date of the Decision. Tr. at 13-27.  Plaintiff then submitted additional evidence to the Appeals Council in the form of medical records dated April 12, 2013 through May 10, 2013, Tr. at 5-6, and requested review of the ALJ's Decision, Tr. at 8.  On August 23, 2013, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner.  On October 10, 2013, Plaintiff commenced this action on behalf of Claimant under 42 U.S.C. § 1383(c)(3), by the timely filing of the Complaint (Doc. No. 1) seeking review of the Commissioner's final decision.  The available administrative remedies have been exhausted, and the case is properly before the Court.

One issue is raised on appeal: whether the ALJ failed to fully and fairly develop the record.  Memorandum in Opposition to the Commissioner's Decision (Doc. No. 23; "Pl.'s Mem."), filed May 21, 2014, at 7.  On August 27, 2014, Defendant filed a responsive memorandum.  <u>See</u> Memorandum in Support of the Commissioner's Decision (Doc. No. 27; "Def.'s Mem.").  For the reasons explained herein, the undersigned finds that the ALJ did not fail to fully and fairly develop the record; the Commissioner's final decision, therefore, is due to be affirmed.

## II.  The Disability Evaluation Process for Children

An individual "under the age of 18 [is] consider[ed] . . . disabled if [the individual] ha[s] a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. § 416.906; 42 U.S.C. § 1382c(a)(3)(C)(i).  When determining whether an individual under the age of eighteen is disabled, an ALJ must follow the three-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether (1) the claimant is engaging in substantial gainful activity; (2) the claimant has a severe impairment or combination of impairments; and (3) the impairment(s) meet, medically equal, or functionally equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings").  20 C.F.R. § 416.924; see also Shinn ex rel. Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1278-79 (11th Cir. 2004) (explaining the three-step sequential evaluation process for children); T.R.C. v. Comm'r, Soc. Sec. Admin., 553 F. App'x 914, 918 (11th Cir. 2014) (unpublished); Turberville v. Astrue, 316 F. App'x 891, 892 (11th Cir. 2009) (unpublished).

With respect to the analysis conducted at step three, an ALJ considers the combined effect of all medically determined impairments, even those that are not severe.  20 C.F.R. §§ 416.923, 416.924a(b)(4), and 416.926a(a) and (c).  The ALJ then looks to "objective criteria set forth in [the Regulations]" to determine whether the impairment(s) cause severe and marked limitations.  Shinn, 391 F.3d at 1278; see also Jackson v. Astrue, 734 F. Supp. 2d 1343, 1357 (N.D. Ga. 2010).  The Regulations "contain [the Listings] specifying almost

every sort of [impairment] from which a person can suffer, sorted into general categories." Shinn, 391 F.3d at 1278 (citing 20 C.F.R. § 416.925(a)).  Each listed impairment contains a discussion of the different limitations on the child's abilities that the impairment may impose.  Id. (citing 20 C.F.R. § 416.925(a)).  Limitations appearing in the Listings "are considered 'marked and severe.'" Id. (citing 20 C.F.R. § 416.925(a)).

Limitations resulting from a child's impairment(s) meet "the Listings if the child actually suffers from the limitations specified in the Listings for that child's severe impairment."  Id. Limitations resulting from a child's impairments medically equal "the Listings if the child's limitations 'are at least of equal medical significance to those of a listed impairment.'"  Id. (quoting 20 C.F.R. § 416.926(a)(2)).

Even if the child's limitations do not medically equal the Listings, "the ALJ can still conclude that those limitations are 'functionally equivalent' to those in the Listings."  Id.  To make that determination, "the ALJ assesses the degree to which the child's limitations interfere with the child's normal life activities," using "six major domains of life[.]"  Id.  Those domains are:

(i) Acquiring and using information;
(ii) Attending and completing tasks;
(iii) Interacting and relating with others;
(iv) Moving about and manipulating objects;
(v) Caring for [one]self; and,
(vi) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1); see also T.R.C., 553 F. App'x at 918 (citation omitted).  "A child's impairment is 'of listing-level severity,' and so 'functionally equals the listings,' if as a result of the limitations stemming from that impairment the child has 'marked limitations in

two of the domains [above], or an extreme limitation in one domain.'" Shinn, 391 F.3d at 1279 (alteration in original) (quoting 20 C.F.R. § 416.926a(d) and citing 20 C.F.R. § 416.925(a)).

### III. The ALJ's Decision

The ALJ followed the required three-step sequential evaluation process for children set forth in 20 C.F.R. § 416.924. Tr. at 16-26. After recognizing Claimant "was a newborn/young infant on September 9, 2010, the date the application was filed, and [was] an older infant [at the time of the Decision]," the ALJ determined at step one that Claimant had not engaged in substantial gainful activity at any time relevant to the Decision. Tr. at 16 (emphasis and citation omitted). Next, at step two, the ALJ found Claimant suffers from "the following severe impairments: sleep apnea, asthma, and gastroesophagael reflux disease (GERD)." Tr. at 16 (emphasis and citation omitted).

In terms of the six major domains of life, the ALJ found as follows: Claimant has no limitation in acquiring and using information, Tr. at 20-21; Claimant has no limitation in attending and completing tasks, Tr. at 21-22; Claimant has no limitation in interacting and relating with others, Tr. at 22-23; Claimant has less than marked limitation in moving about and manipulating objects, Tr. at 23-24; Claimant has less than marked limitation in caring for oneself, Tr. at 24-25; and Claimant has marked limitation in health and physical well-being, Tr. at 25-26. At step three, the ALJ found Claimant does not have an impairment or combination of impairments that meet, medically equal, or functionally equal any of the Listings. Tr. at 16. Accordingly, the ALJ concluded Claimant was not disabled from September 9, 2010, the protective filing date, through the date of the Decision. Tr. at 26.

## IV.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence."  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## V.  Discussion

Plaintiff asserts the ALJ failed to fully and fairly develop the record.  Pl.'s Mem. at 7-10.  In so asserting, Plaintiff focuses on Listing 103.03 (addressing asthma) and contends

the ALJ did not develop the record well enough to determine whether that Listing was met or medically equaled.  See id. at 8-10.

The burden rests on the claimant to prove the existence of a Listing-level impairment. Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991).  Mere diagnosis of a listed impairment is not sufficient.  See, e.g., id.; Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002).  "To meet a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement."  Wilson, 284 F.3d at 1224 (internal quotations and citations omitted).  "To equal a Listing, the medical findings must be at least equal in severity and duration to the listed findings."  Id. (internal quotations and citations omitted).

Relevant to Plaintiff's argument, Listing 103.03 requires the child to have asthma with:

> C.   Persistent low-grade wheezing between acute attacks or absence of extended symptom-free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators with one of the following:
> 1.   Persistent prolonged expiration with radiographic or other appropriate imaging techniques evidence of pulmonary hyperinflation or peribronchial disease; or
> 2.   Short courses of corticosteroids that average more than 5 days per month for at least 3 months during a 12-month period.

Listing 103.03(C).

During the hearing before the ALJ, Plaintiff testified that Claimant is prescribed Orapred (a corticosteroid) as needed, and that the medication irritates Claimant's stomach. Tr. at 45, 54.  Plaintiff contends the ALJ neglected to "advise[ Plaintiff during the hearing] that he needed documentation supporting the testimony of [Claimant's] mother, that [Claimant] was prescribed corticosteroids and the frequency this medication was prescribed."  Pl.'s Mem. at 9.  Plaintiff, recognizing that the ALJ obtained at least one

medical expert opinion regarding whether Claimant met the Listings, also asserts that the ALJ erred by not obtaining another medical expert opinion.  <u>Id.</u>  Plaintiff contends that "the medical evidence demonstrated that [Claimant's] symptoms appeared to have worsened in frequency and severity since the date of the evaluation of Dr. Lionel Henry, the medical advisor to the State Disability Determination Service (January 22, 2011)."  <u>Id.</u> (citation omitted).  Consequently, according to Plaintiff, the ALJ "should have utilized the services of a medical expert to give an opinion as to whether [C]laimant currently met or equaled the severity of [a] listed impairment."  <u>Id.</u>

    "It is well-established that the ALJ has a basic duty to develop a full and fair record." <u>Ellison v. Barnhart</u>, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d)); <u>see also</u> <u>T.R.C.</u>, 553 F. App'x at 919 (citation omitted).  "Nevertheless, the claimant bears the burden of proving that he [or she] is disabled, and, consequently, he is responsible for producing evidence in support of his [or her] claim."  <u>Ellison</u>, 355 F.3d at 1276 (citing 20 C.F.R. § 416.912(a); 20 C.F.R. § 416.912(c); <u>see also</u> <u>T.R.C.</u>, 553 F. App'x at 919 (citation omitted).  To remand a case for the ALJ's failure to fully develop the record, there must be a showing that the claimant's right to due process has been violated because of such failure. <u>Brown v. Shalala</u>, 44 F.3d 931, 934-35 (11th Cir. 1995) (citing <u>Kelley v. Heckler</u>, 761 F.2d 1538, 1540 (11th Cir. 1985)).  Prejudice exists if the record contains evidentiary gaps which may cause the ALJ to reach an unfair determination due to the lack of evidence, <u>id.</u> at 935, or if "the ALJ did not consider all of the evidence in the record in reaching his decision," <u>Kelley</u>, 761 F.2d at 1540.

Plaintiff concedes that because she was represented by counsel for the hearing, the ALJ had only a basic duty to develop the record, not any sort of heightened duty. See Pl.'s Mem. at 9.  Further, Plaintiff does not explicitly argue that due process rights have been violated. See generally id.  She does contend, however, that the matter should be "reversed and remanded with directions to [] Defendant to develop the record to include obtaining pharmaceutical records to determine if [Claimant] met the second prong of listing 103.03[(C)], and to obtain the opinion of a medical expert as to whether [Claimant] met or equaled said listing." Id. at 10.

The undersigned finds that the ALJ did not abrogate his duty to fully and fairly develop the record, and in any event, there has not been the sort of violation of due process/prejudice showing that would be required to remand the matter for further proceedings. Plaintiff points to no evidence (other than Plaintiff's testimony) that supports her contention regarding Claimant being prescribed corticosteriods.  And even if Claimant is prescribed corticosteriods, there is no indication that the prescription was for the required frequency and duration to meet the Listing at issue.  Plaintiff seems to recognize these hurdles.  See id. at 9 (recognizing that "short courses of corticosteroids, [are] not documented, but testimony indicates that there is a reasonable possibility that th[e] prong [addressing corticosteroids] was also met").  Further, Plaintiff had the opportunity to, and did, submit additional evidence to the Appeals Council.  See Tr. at 5-6, 700-16.  This additional evidence does not speak to the Listing at issue.

The ALJ similarly did not err in electing not to obtain additional medical expert services.  Two non-examining physicians opined Plaintiff did not meet, medically equal, or

functionally equal the Listings: Alfred Ching, M.D. on November 18, 2010, Tr. at 476-77; and Lionel Henry, M.D. on January 22, 2011, Tr. at 492-93.  The ALJ only would have been required to obtain an updated medical opinion from an expert regarding whether a Listing was met if additional medical evidence had been received that could have changed the previous findings that no Listings were met or equaled.  See Social Security Ruling 96-6p, 1996 WL 374180.  No such evidence was presented.  Because the ALJ carefully considered the medical evidence contained in the record, and the record was adequately developed, he was justified in concluding that no further expert opinion was necessary.

For the foregoing reasons, the undersigned finds that the ALJ did not abrogate his duty to fully and fairly develop the record, and in any event, remand is not appropriate.

## VI.  Conclusion

A review of the entire administrative transcript indicates the ALJ's Decision is supported by substantial evidence.  Accordingly, it is

**ORDERED:**

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.     The Clerk of Court is directed to close this case.

**DONE AND ORDERED** at Jacksonville, Florida on March 20, 2015.

James R. Klindt

**JAMES R. KLINDT**
United States Magistrate Judge

-10-

kaw
Copies to:
Counsel of Record